FILED
CLERK
2/9/2016 10:35 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARTA I. MURPHY a/k/a MARTA L. MURPHY,

        Plaintiff,

   -against-

FIRST UNUM LIFE INSURANCE COMPANY,

        Defendant.
----------------------------------------------------------------X

**ORDER**
15-CV-820 (SJF)(SIL)

FEUERSTEIN, J.

    Defendant, First Unum Life Insurance Company ("First Unum" or "Defendant"), moves to dismiss Counts I through IV of the Complaint, in which Marta I. Murphy, a/k/a Marta L. Murphy ("Murphy" or "Plaintiff") seeks to recover long term disability benefits pursuant to a group insurance policy issued by First Unum. Defendant also moves to strike Plaintiff's jury demand; for a declaration that the arbitrary and capricious standard of review applies to the administrator's benefits decision; and for a declaration that Plaintiff is not entitled to discovery beyond the administrative record.

    Defendant's motion is granted insofar as it seeks: dismissal of Courts I, III and IV; to strike Plaintiff's jury demand and a declaration that the arbitrary and capricious standard of review applies to the administrator's benefits decision. Insofar as Defendant seeks dismissal of Count II, the motion is granted in part and denied in part. The motion for a declaration that Plaintiff is not entitled to discovery beyond the administrative record is denied.

**I.    BACKGROUND**

    On June 1, 1998, First Unum issued a group long term disability ("LTD") insurance policy (the "Plan") to Huntington Hospital, Plaintiff's employer. (Compl. at ¶ 6). The Plan is

governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). *Id.* at ¶ 7. Plaintiff paid her LTD premiums to First Unum, pursuant to the Plan, until October 2010. *Id.* at ¶¶ 10, 12. In or about October 2010, Plaintiff became disabled, and on March 18, 2011, First Unum began paying LTD benefits to Plaintiff. *Id.* at ¶¶ 13-14. In May 2011, Murphy was "involved" in a car accident that "exacerbated her symptoms of pain" and medical condition. *Id.* at ¶ 16.

On April 9, 2013, First Unum re-evaluated Murphy's medical condition "under a different definition of disability," terminated her LTD benefits, and refused to waive her premiums starting on May 24, 2013. *Id.* at ¶¶ 17-18. Plaintiff "continues to be totally disabled in that her injuries and medical conditions restrict her ability to perform the material and substantial duties of her regular occupation as a Lead Medical Assistant [at Huntington Hospital] and prevent her from engaging in that occupation, and further prevent her from performing any occupation for which she is reasonably qualified by way of training, education and experience." *Id.* at ¶ 21.

On February 17, 2015, Murphy filed this action, alleging that First Unum breached the terms of the Plan by terminating Murphy's LTD benefits and refusing to waive her premiums. *Id.* In her Complaint Murphy claims:

- Count I: breach of contract;
- Count II: declaratory judgment;
- Count III: bad faith and punitive damages;
- Count IV: negligence and punitive damages; and
- Count V: recovery of benefits pursuant to ERISA.

*Id.* On August 14, 2015, First Unum moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Counts I-IV of the Complaint. (Mot. to Dismiss). First Unum further seeks to strike Plaintiff's jury demand, to have the Court review the Plan administrator's decision

2

pursuant to an arbitrary and capricious standard of review, and to restrict Plaintiff's discovery to the administrative record. *Id.*

## II. DISCUSSION

### A. *Standard of Review*

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To determine whether dismissal is appropriate, "a court must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1937, 1955, 167 L. Ed. 2d 929 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown . . . that the pleader is entitled to relief." *Id.* at 679 (internal citations and quotation marks omitted).

### B. *Preemption by ERISA*

ERISA "broadly preempts 'any and all State laws insofar as they may now or hereafter relate to any employee benefit plan' as defined under the statute." *Silverman v. Unum Grp.*, No. 14-cv-6439, 2015 WL 4603345, at *4 (E.D.N.Y. July 30, 2015) (quoting 29 U.S.C. § 1144(a)). "Given this broad scope, ERISA will preempt even general state laws that are not directed toward benefit plans in cases where those laws would have 'a connection with or reference to' an ERISA plan." *Id.* (internal quotation marks and citation omitted) (quoting *Pilot Life Ins. Co. v.*

3

*Dedeaux*, 481 U.S. 41, 47-48, 107 S. Ct. 1549, 1553, 95 L. Ed. 2d 39 (1987)). "'Thus, a state law of general application, with only an indirect effect on an [ERISA] plan, may nevertheless be considered to "relate to" that plan for preemption purposes.'" *Id.* (quoting *Smith v. Dunham-Bush, Inc.*, 959 F.2d 6, 9 (2d Cir. 1992)).

The Second Circuit has "consistently held that causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing are preempted by ERISA," which also preempts other state law claims. *Id.* (citations omitted); *see, e.g.*, *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101 (2d Cir. 2008) (holding claim of breach of covenant of good faith was state law claim preempted by ERISA); *Rubin-Schneiderman v. Merit Behavioral Care Corp.*, 121 F. App'x 414, 415 (2d Cir. 2005) (holding ERISA preempts negligence claim); *Smith v. Dunham-Bush, Inc.*, 959 F.2d 6, 8 (2d Cir. 1992) (holding ERISA preempts contract and tort claims). Money damages are not cognizable pursuant to ERISA. *See* 29 U.S.C. § 1132(a)(3); *Guerrero v. FJC Sec. Serv. Inc.*, 423 F. App'x 14, 17 (2d Cir. 2011) (quotation marks and citation omitted) ("Claims for money damages are . . . not cognizable under [ERISA] section 502(a)(3)."). "ERISA's civil enforcement remedies were intended to be exclusive." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54, 107 S. Ct. 1549, 1556, 95 L. Ed. 2d 39 (1987).

Plaintiff, citing several cases, argues that her state law claims in Counts I through IV of the Complaint are not preempted by ERISA. (Pl.'s Affirmation in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n"), at 2-5 (citing cases)). The cases are inapposite.

*New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 115 S. Ct. 1671, 131 L. Ed. 2d 695 (1995) ("*Travelers*"), held that a state statute imposing healthcare surcharges on patients was not preempted by ERISA. *Id.* The United States Supreme Court (the "Supreme Court") explained that a decision in favor of ERISA preemption would be

"simply incompatible" with an existing federal statute providing comprehensive aid to state healthcare rate regulation. *Id.* at 667; *see id.* at 655. However, Plaintiff has failed to identify a federal statute that would conflict with a conclusion that ERISA preempts her state law claims. In addition, *Travelers* found that the state statute in question did not have a "connection with," or "relate to," an employee benefit plan within the meaning of ERISA, because the healthcare surcharges made no "reference to" ERISA plans and exerted only an "indirect economic influence" on the plan's costs. *Id.* at 656, 660, 662. By contrast, Plaintiff's breach of contract, bad faith, and negligence claims all "relate to" the Plan, its termination, and the denial of Plan benefits to Plaintiff, and are therefore preempted by ERISA. *See Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 114 (2d Cir. 2008); *cf. California Div. of Labor Standards Enforcement v. Dillingham Const., N.A., Inc.*, 519 U.S. 316, 330, 117 S. Ct. 832, 840, 136 L. Ed. 2d 791 (1997) (holding California wage statute not preempted by ERISA, because it is "indistinguishable from New York's surcharge" statute in *Travelers*, 514 U.S. 645); *Gerosa v. Savasta & Co.*, 329 F.3d 317, 323 (2d Cir. 2003) (holding ERISA "does not preempt 'run-of-the-mill' state-law professional negligence claims against non-fiduciaries"); *VFS Financing, Inc. v. Elias-Savion-Fox, LLC*, No. 12-cv-2853, 2014 WL 6765827, at *12 (S.D.N.Y. Dec. 1, 2014) (holding ERISA does not preempt state anti-garnishment statute sheltering retirement IRA accounts from judgment creditors, because state statute does not "interfere with the duties of ERISA plan administrators," "create disunity within federal law as to retirement benefits," or "affect the relationship between plan administrators and beneficiaries").

In addition, Plaintiff's state law claims "premised on" the termination of the Plan "would require reference to the Plan in the calculation of any recovery." *Paneccasio v. Unisource*

*Worldwide, Inc.*, 532 F.3d 101, 114 (2d Cir. 2008). Therefore, Counts I, III and IV are preempted by ERISA and dismissed. *See id.*

Declaratory judgments that "'compel the defendant to pay a sum of money to the plaintiff are suits for "money damages," as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty.'" *Cent. States, Se. & Sw. Areas Health and Welfare Fund v. Gerber Life Ins. Co.*, 771 F.3d 150, 154 (2d Cir. 2014) (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210, 122 S. Ct. 708, 713, 151 L. Ed. 2d 635 (2002)). ERISA does not permit money damages. *See* 29 U.S.C. § 1132(a)(3); *Guerrero v. FJC Sec. Serv. Inc.*, 423 F. App'x 14, 17 (2d Cir. 2011).

However, pursuant to ERISA's "civil enforcement provisions . . . , a plan participant or beneficiary may sue to recover benefits due under the plan, to enforce the participant's rights under the plan, or to clarify rights to future benefits. Relief may take the form of accrued benefits due, a declaratory judgment on entitlement to benefits, or an injunction against a plan administrator's improper refusal to pay benefits." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53, 107 S. Ct. 1549, 1556, 95 L. Ed. 2d 39 (1987). A plaintiff may also seek equitable restitution that "seek[s] not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Great-West*, 534 U.S. at 214-15.

Plaintiff's second cause of action seeks a declaratory judgment that:

> [1] [T]he plaintiff is totally disabled pursuant to the language and within the meaning of the subject policy of insurance issued by the defendant insurance company . . . ; [2] . . . the defendant insurance company is obligated to pay continuing benefits to the plaintiff pursuant to the policy and shall pay all benefits in arrears due and owing since the denial of benefits, plus interest; [3] . . . the defendant insurance company's obligation to pay benefits to the plaintiff shall continue as long as she remains totally disabled . . . ; [4] . . . the plaintiff's premium payments are waived during the term of total disability . . . ; [5] . . . the plaintiff shall be reimbursed for all premium payments paid during the term of

> total disability, plus interest; and [6] . . . the plaintiff may return to this court . . . to seek further declaratory relief in the event that it becomes necessary.

(Compl., ¶ 27). To the extent that Count II of the Complaint seeks a declaration that First Unum is liable to Murphy for any money damages in excess of Plaintiff's accrued benefits due and reimbursement of Plaintiff's premiums paid during the term of total disability, Count II is dismissed. However, to the extent that Count II seeks a declaration that Plaintiff is entitled to a monetary award in the sum of her accrued benefits due and reimbursement of her premiums pursuant to the terms of the Plan and in accordance with ERISA, Defendant's motion to dismiss Count II is denied.

### C. *Plaintiff's Jury Demand*

ERISA's civil enforcement remedy provides that a plan participant may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The participant may seek "(A) to enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of [ERISA] or the terms of the plan." *Id.* at § 1132(a)(3). Relief sought pursuant to ERISA is equitable in nature, and "there is no right to a jury trial in a suit brought to recover ERISA benefits." *Sullivan v. LTV Aerospace and Defense Co.*, 82 F.3d 1251, 1258 (2d Cir. 1996), *abrogated on other grounds*, *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 128 (2d Cir. 2008). The action "*is not triable* by a jury." *Id.* at 1259 (emphasis added). In addition, Plaintiff did not oppose Defendant's motion to strike her jury demand, which is granted.

### D.    *Standard of Review to Apply to the Plan Administrator's Decision*

Defendant also moves for a declaration that review of the Plan administrator's decision to terminate Murphy's benefits should be pursuant to an arbitrary and capricious standard of review. (Def.'s Mem., at 15). According to Defendant, pursuant to an arbitrary and capricious standard, the Court is limited to a review of the administrative record unless Plaintiff can establish good cause to expand the scope of discovery. *Id.* Plaintiff contends that regardless of whether the Court applies a "*de novo*" or "arbitrary and capricious" standard of review, evidence outside of the administrative record may be considered so long as Plaintiff shows a "reasonable chance that the required discovery will satisfy the good cause requirement." (Pl.'s Opp'n, at 6, 10 (citations omitted)).

"The standard governing [a] district court's review . . . of an administrator's interpretation of an ERISA benefit plan was first articulated by the Supreme Court in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989)." *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 130 (2d Cir. 2008).

> The [Supreme] Court explained that "a denial of benefits . . . is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator . . . authority to determine eligibility for benefits or to construe the terms of the plan." Where such authority is given, the administrator's interpretation is reviewed for an abuse of discretion. Furthermore, "if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a factor in determining whether there is an abuse of discretion."

*Id.* (internal citation and quotation marks omitted) (quoting *Firestone*, 489 U.S. at 115, 109 S. Ct. at 948). "In [*Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S. Ct. 2343, 171 L. Ed. 2d 299 (2008)], the Supreme Court clarified its earlier decision in *Firestone*." *Id.* at 131. *Glenn* "clarified that under *Firestone*, . . . a 'conflict should be weighed as a factor in determining whether there is an abuse of discretion,'" but it "rejected the notion that the conflict of interest

justifies changing the standard of review from deferential to *de novo*." *Id.* at 132 (quoting *Glenn*, 554 U.S. at 115, 128 S. Ct. at 2350).

Where an administrator possesses discretionary authority, "a court may not overturn the administrator's denial of benefits unless its actions are found to be arbitrary and capricious, meaning 'without reason, unsupported by substantial evidence or erroneous as a matter of law.'" *Id.* (quoting *Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 442 (2d Cir. 1995)). The administrator's decision is arbitrary and capricious if it "imposes a standard not required by the plan's provisions, or interprets the plan in a manner inconsistent with its plain words." *Id.* at 133 (citation omitted). "The weight given to the existence of [the administrator's] conflict of interest will change according to the evidence presented" and factors into whether the administrator's decision was arbitrary and capricious. *Id.* For instance,

> [W]here circumstances suggest a higher likelihood that [the conflict] affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration, the conflict of interest should prove more important (perhaps of great importance). . . . It should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decisionmaking irrespective of whom the inaccuracy benefits.

*Id.* (quoting *Glenn*, 554 U.S. at 117, 128 S. Ct. at 2351); *see also Tretola v. First Unum Li[f]e Ins. Co.*, No. 13-cv-231, 2013 WL 2896804, at *3 (S.D.N.Y. June 13, 2013) (quoting *Glenn*, 554 U.S. at 117, 128 S. Ct. at 2351) (holding where "an insurance company administrator has a 'history of biased claims administration,' there is 'a higher likelihood that [the conflict] affected the benefits decision.'").

First Unum's Plan invests its administrator with discretionary authority pursuant to Section 13 of the Plan. Defendant concedes that a "structural conflict of interest" exists based

9

upon Section 13. (Def.'s Mem. of Law in Further Support of Mot. to Dismiss ("Def.'s Reply Mem."), at 6).

Defendant also concedes that it has previously been criticized by courts for its history of biased administration of benefits claims but contends that it revamped its claims-handling practices in 2004. (Def.'s Reply Mem., at 7). Defendant asserts that: (1) it restructured its claims-handling practices "pursuant to a 2004 regulatory settlement agreement with the insurance commissioners of various states;" (2) "[i]n the wake of the [2004 regulatory settlement agreement], courts have declined to presume bias against First Unum;" and (3) "the majority of courts that have reviewed First Unum's determinations . . . have upheld its determinations upon deferential review, notwithstanding the presumed, structural conflict of interest."[1] *Id.* at 7-8 & nn.1-2. Therefore, according to Defendant, discovery beyond the administrative record is unnecessary. *Id.* at 7.

Defendant has not cited any case from this Circuit. In addition, "[a]lthough First Unum may well have improved or even fully corrected its practices, as it contends—and for which there is some evidence—the Court cannot take for granted First Unum's claim to have mended its ways. The company's regrettable history and *Glenn*'s command to weigh conflicts of interest as a factor dictate that discovery into First Unum's conflict of interest be permitted . . . ." *Tretola*, 2013 WL 2896804, at *3 (internal citation omitted).

"[I]t logically follows that some amount of discovery is necessary, to enable the Court to determine the extent and nature of the conflict and the appropriate weight to give this conflict in

---

[1] Defendant further claims that the Commissioner of the New York Department of Insurance stated in a joint letter with the Commissioners of the Maine, Massachusetts, and Tennessee Departments of Insurance that they did not find "systemic misconduct" in Defendant's actions after their "most recent examination" of First Unum's practices. (Def.'s Reply Mem., at 7 n.1). However, Defendant did not provide a copy of the January 6, 2009 letter in which the Commissioners' statements were purportedly made. *See id.* The URL provided by Defendant also does not contain an identifiable link to a January 6, 2009 letter. As a result, the January 6, 2009 letter is not considered.

10

the ultimate merits analysis," *i.e.*, to enable the Court to determine whether Defendant's conflict of interest affected the reasonableness of the administrator's benefits decision. *Id.* at *2; *see McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 132 (2d Cir. 2008). "Indeed, the role that the conflict may have played in the outcome can only be assessed after discovery has been allowed and complied with." *Mergel v. Prudential Life Ins. Co. of America*, No. 09-cv-00039, 2009 WL 2849084, at *1 (S.D.N.Y. Sept. 1, 2009). "[I]t appears reasonable to allow plaintiff the opportunity to discover evidence the Court may find gives it good cause to go outside the administrative record." *Joyner v. Continental Cas. Co.*, 837 F. Supp. 2d 233, 242 (S.D.N.Y. 2011). In similar cases, courts have permitted discovery "relating to [the] conflict, since much of the relevant information would not have been part of the record," but not discovery "into the substantive merits of [the] claim." *Schrom v. Guardian Life Ins. Co.*, No. 11-cv-1680, 2012 WL 28138, at *4 (S.D.N.Y. Jan. 5, 2012); *see Tretola*, 2013 WL 2896804, at *2-3 (agreeing with *Schrom*'s analysis).

Based upon the foregoing, Plaintiff is permitted to conduct discovery into the extent of Defendant's conflict of interest, but not into the merits of Defendant's decision to terminate Plaintiff's LTD benefits. Discovery on this issue shall conclude by **Friday, August 5, 2016**.

## III. CONCLUSION

Defendant's motion is granted insofar as it seeks: dismissal of Courts I, III and IV; to strike Plaintiff's jury demand and a declaration that the arbitrary and capricious standard of review applies to the administrator's benefits decision. Insofar as Defendant seeks dismissal of

11

Count II, the motion is granted in part and denied in part. The motion for a declaration that Plaintiff is not entitled to discovery beyond the administrative record is denied. All discovery shall be completed by **Friday, August 5, 2016**.

**SO ORDERED.**

s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: February 9, 2016
 Central Islip, New York